IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA

v.

JASON KOPP,

         Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   5:16-CR-108 (GTS)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence of 550 years imprisonment and lifetime supervised release.

## INTRODUCTION

On May 20, 2016, defendant Jason Kopp entered a plea of guilty to twenty-two counts of a twenty-eight count Indictment charging him with one count of conspiracy to sexually exploit a child in violation of Title 18, United States Code, Sections 2251(a) and (e) (Count 1); ten counts of sexually exploiting two different minors, in violation of Title 18, United States Code, Section 2251(a) (Counts 2, 3 and 6 - 13); nine counts of distribution of child pornography (Counts 14 – 22) and two counts of possessing material that contains one or more images of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Counts 27 and 28).

Kopp is scheduled to be sentenced by this Court on September 13, 2015.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.    Statutory Maximum and Minimum Sentences**

The defendant's convictions on Counts 1 – 3 and 6 - 13 of the Indictment subject him to a mandatory minimum of 15 years, and a maximum sentence of 30 years imprisonment, per count. 18 U.S.C. § 2251(e); PSR ¶ 225.   His convictions on Counts 14 – 22, carry a mandatory minimum of 5 years, and a maximum term of 20 years, per count. 18 U.S.C. § 2252A(b)(1); PSR ¶ 225. His convictions on Counts 27 and 28 carry a maximum term of 20 years imprisonment per count. 18 U.S.C. § 2252A(b)(2); PSR ¶ 225.

In addition, each count of conviction carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 229, and a fine of up to $250,000. 18 U.S.C. § 3571; PSR ¶ 234.[1]

**2.    Guidelines Provisions**

    **a.    Offense Level**

The Government agrees with the Guidelines computations of the Probation Officer, and that the defendant's Total Offense Level is 43.   PSR ¶¶ 68 – 197.[2]

---

[1]    The Government agrees with the assessment of the Probation Officer that the defendant does not have the ability to pay a fine or to pay the additional special assessment provided for in 18 U.S.C. § 3014.   PSR ¶¶ 223 - 24.

[2]    It is significant to note that Kopp's Guidelines score of 43 is the result of the instruction in U.S.S.G. Chapter 5, Part A (comment, n. 2), which provides that any score higher than 43 resolves down to that maximum offense level. PSR ¶ 197.   Here, Kopp actually scored 51, eight levels above a 43, and scored that low only because the 12 units he scored on the multiple count adjustment allows only for the addition of a maximum of five levels, regardless of the number of countable offenses.   PSR ¶ 188.

**b.     Acceptance of Responsibility**

The Government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." PSR ¶ 193.

**c.     Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. PSR ¶ 204. The Government agrees with the Probation Officer's determination of the defendant's criminal history category. While this designation "does not adequately reflect the seriousness of the defendant's past conduct or the likelihood of recidivism," because the Guidelines call for a life sentence regardless of criminal history score, the Government is not seeking an upward departure from this criminal history category. *See* U.S.S.G. § 4A1.3.

**d.     Guidelines Range and Sentence**

As described above, the defendant's total offense level is 43 and his criminal history category is I. As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life. PSR ¶ 226. However, since no count of conviction carries a potential life sentence, U.S.S.G. § 5G1.2(d) provides that the sentences imposed on each count of conviction shall run consecutively "to the extent necessary to produce a combined sentence equal to the total punishment." Here, the total punishment available to the defendant is 550 years, representing consecutive maximum sentences on each count of conviction. PSR ¶¶ 226 – 27; s*ee United States v. Hamilton,* 548 Fed. App'x 728 (2d Cir. 2013) (summary order); *United States v. Ketcham*, 507 Fed. App'x. 42, 44 (2d Cir. 2013) (summary order); *United States v. Petrie*, 542 Fed. App'x. 746,

747-48 (2d Cir. 2013) (summary order).   Additionally, the Guidelines term of supervised release for each count of conviction is no less than 5 years and up to life, PSR ¶ 231.   The Guidelines recommend lifetime supervision.   *Id*.; U.S.S.G. § 5D1.2(b)(2).

For all of the reasons set forth below, the Government maintains that this Guidelines sentence is fair, just, and warranted.

**3.     Forfeiture**

As set forth in the Forfeiture Allegation of the Indictment, and the Bill of Particulars filed in this matter, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253.   That forfeiture includes the following:

   (a)   one Samsung Galaxy S3, model SCH-I535V, serial number 256691456907935328;

   (b)   one 500GB Seagate external hard drive, serial #2GEX1XAM;

   (c)   one HP desktop, model #HPE210Y, serial #MXX0180KG9, containing a 1TB Western Digital hard drive, serial #WCAV5A980350;

   (d)   one Samsung Galaxy S4, serial #RV8FB176TWE; and

   (e)   one Samsung Galaxy S5, IMEI #990004954246785.

**4.     Restitution**

In addition to the minor victims involved in Counts 1 – 3 and 6 - 13, the minors depicted in the images and videos involved in the defendant's child pornography possession crimes, Counts 27 and 28, are victims of his offenses.   Restitution to the victims is mandatory, and the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.   18 U.S.C. § § 2259(b)(3) and (c).

While there have been no restitution requests from the minors charged in Counts 1 – 3 and 6 - 13, as it applies to the victims of the defendant's possession offenses, he is responsible for restitution in "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be calculated by the Court to be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014). To date, one of those victims has filed a request for restitution, as Kopp's crimes involve her images. The parties will work together to determine whether there is an amount of restitution that can be agreed upon to satisfy the restitution claim. Should negotiations fail, the Government will brief the issue of restitution and what amounts should be awarded to the victim as a result of Kopp's crimes.

## GOVERNMENT'S SENTENCING RECOMMENDATION[3]

A sentence should be reasonably designed to achieve the total punishment, taking into account the nature and seriousness of the defendant's crimes, the harm done to the victims, and each of the relevant considerations required under 18 U.S.C. § 3553(a). Here, that sentence is 550 years imprisonment and lifetime supervised release.

---

[3] The Government reserves the right to respond to defense arguments. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Thwarted only by the swift and sure work of the FBI, Jason Kopp is a dangerous and repeat sex offender whose crimes continued to escalate in severity just as the ages of his victims continued to become shockingly younger. Although Kopp's sexual abuse and exploitation of V-1 and V-3 do not stand alone in his history of crimes against children, even were they his only offenses, they are the type of heinous crimes that themselves demand a life sentence.

While it is hard to imagine what would lead a person to sexually abuse any child, it is inconceivable that a person could be so inherently evil as to prey upon infants. Jason Kopp, however, is the personification of that very evil. Because he memorialized it in images, we know that Kopp's sexual abuse of V-3 dates back, at least, to when the child was just a year old. PSR ¶ 36. But more shockingly, with V-1 we know that the hands-on abuse began just days after the baby was born. PSR ¶¶ 7 – 9 (detailing the evidence that Kopp had a sexual encounter with V-1 when she was 6 days old, including mouth to penis and penis to vagina contact with the newborn). We also know that V-1 was sexually exploited up to the time of Kopp's arrest, when she was only 16 months old. PSR ¶¶ 8 – 26. There is really nothing more that need be said. The image Kopp produced of the baby looking into the camera with his penis under her chin, and his semen on her face, says it all. PSR ¶ 17. The type of person who could conceive of, and commit, these acts must be separated from the rest of society, and children, forever.

Even so, there is much more that justifies a life sentence for Jason Kopp. While his crimes with V-1 and V-3 are vile enough, his texts with co-defendant and co-conspirator Emily Oberst, almost too horrible to read, often referring to newborn V-1 as Kopp's "slut," "bitch," and "sex toy," reveal an alarming mindset that proves, unequivocally, that he lacks a conscience, or any moral compass, and poses a real and certain danger to children. *See*, e.g. PSR ¶ 7, p. 10 (Kopp:

**6**

"Always dreamed about molesting baby's and keep doing it as the grow and become older and doing after that," … "N sucking on there lil buds and taking there virginity."); PSR ¶ 9 (Kopp, commenting, after having sexually abused 6-day old V-1: "That was so f****** amazing … I just can't believe it happened … I can't wait for it to happen again … ty for making my dreams come true.  Just hope it continues for years n years.")[4]

But while Kopp's arrest in 2016 marked the end of his freedom to abuse children, the investigation into his history and background revealed a pattern of abuse dating back 16 years, when, in 2000, 24 year-old Kopp[5] produced images of his penis next to the mouth of his then-17 year-old sleeping girlfriend (a violation of 18 U.S.C. § 2251(a)).   While these images were taken with a Polaroid camera at the time, they were meaningful enough to Kopp that he produced and maintained digital copies of them for 16 years.[6]   The ex-girlfriend, identified as V-8 in the PSR, was 16 years old when she began dating Kopp.    That relationship ended three years later, because, as she put it: "he liked little girls."    PSR ¶¶ 62 – 63.

In or about March and November of 2004, at ages 28 and 29, Kopp produced sexually explicit images of V-4 and three of her friends as they slept.   PSR ¶¶ 55 – 57.   At the time he produced the March images, V-4 was 10 years old; at the time of the November images, she was 11.   PSR ¶ 55.   Kopp's activity with these sleeping children included, among other things,

---

[4]     Misspellings and grammar errors are as in the original texts.

[5]     Kopp's ages at the times of some of his offenses are approximate.   Where the exact dates of the offenses are unknown, the ages are estimated to be before his birthdate in the year of the offense, as he was born in the latter part of 1975.

[6]     The digital copies of these images were recovered from Kopp's computer subsequent to his arrest.

7

taking a Polaroid picture of his penis in the hand of sleeping V-4, and on the buttocks of one of her sleeping friends.   PSR ¶¶ 55, 56.   Now an adult, V-4 recalls waking up as a child "to find Kopp putting her hand on his penis."   PSR ¶ 57.   Again, the Polaroids Kopp took of his abuse and exploitation of V-4 and her friends were meaningful to him.   He labeled them, took digital pictures of them, and kept them, for 12 years, on his computer.   PSR ¶ 55.

In or about 2006, 31 year-old Kopp befriended a woman with two young daughters, ages 1 and 2.   He offered to take the children overnight to give their mother "a break."   While entrusted to his care, in both October and November of 2006, Kopp sexually abused and exploited the children.   Identified in the PSR as V-5 and V-6, Kopp produced close-up images of their vaginas, as well as images of himself licking and pressing his penis against the babies' vaginas, and licking their nipples.   PSR ¶¶ 58 – 59.   Again, Kopp prized these images enough that he maintained them on his computer for 10 years, until they were found by law enforcement following his arrest.

In or about 2014, 38 year-old Kopp met the mother of 10 year-old V-7 through a Craigslist post.   As a part of her relationship with Kopp, the child's mother sexually abused V-7, produced images of the abuse, and sent those images to Kopp, who maintained them on his computer from 2014 to the date of his arrest in 2016.   The images were produced in the summer to fall of 2014. PSR ¶ 60.   The abuse of V-1 began that fall as well – after she was born in November, 2014. PSR ¶¶ 7 – 9.

Based upon the evidence recovered in the case, again from the collection of images and videos he maintained, we know that Kopp's exploitation of children continued to escalate in 2015 and 2016, with the abuse and exploitation of V-1, V-3, and with his receipt of images of V-2,

8

produced and sent to him by co-defendant Emily Oberst. PSR ¶¶ 7-18, 33, 34 – 39, 50. Not only that, Kopp also shared the images of the exploitation of V-1 with the undercover police officer, and the images of the exploitation of both V-1 and V-3 by email with at least two other like-minded individuals. PSR ¶¶ 42 – 44, 46 – 48.

With all of this, it cannot be overlooked that Kopp additionally victimized children whose images are widely traded on the Internet. He maintained, on two devices, a total of 871 images and 125 video files depicting the sexual exploitation of these children. PSR ¶¶ 53-54. Sixty-two known child victims have been identified within his collection. PSR ¶ 65. They, and the children who have yet to be identified in the other images and videos he possessed, are also victims of Jason Kopp's crimes.

We will never know the full extent of Jason Kopp's crimes against children, only those which he took care to document in images and videos, and save. Even so, with that documentation Jason Kopp has proven, time and again, that he is a dangerous predator with an insatiable appetite for abusing and exploiting children. His crimes include infants and toddlers, the most defenseless of an already vulnerable set of victims. He simply cannot be allowed to ever be at liberty again, as any potential release would be to gamble with the lives and well-being of children. That is too high a price.

In regard to the remainder of the § 3553(a) factors: the only kind of sentence available is incarceration, and the sentencing range as established by the Guidelines is 550 years; the policy statement issued by the Sentencing Commission at U.S.S.G. § 5K2.0(b) advises against a departure from the Guidelines in child crimes and sexual offenses except in explicitly numerated circumstances, none of which are present here; and adherence to the Guideline sentence is the best

way to ensure against sentencing disparity "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(3)(4)(5)(6), and (7). Simply put, all of the § 3553(a) factors lead to one conclusion: the sentence imposed must ensure that Jason Kopp will spend the remainder of his life in prison, never again to have access to another child.

## CONCLUSION

The record reveals no mitigating factor at all, much less one that would support a deviation from the recommended Guideline sentence. In fact, this case involves only aggravating factors that support the imposition of a life sentence. Such a sentence is reasonably designed to achieve the total punishment, and takes into account the nature and seriousness of the defendant's crimes, the harm done to the many child victims whose exploitation came directly at the hands of and/or at the request of the defendant, as well as the child victims whose images he collected from the Internet - and each of the relevant considerations required under 18 U.S.C. § 3553(a). As such, the Government maintains that consecutive sentences totaling the maximum available sentence of 550 years, designed to ensure that the defendant spends the rest of his life in prison, is the outcome warranted by his crimes. Such a sentence is *not* greater than necessary, and both complies with and accomplishes the many goals of sentencing. 18 U.S.C. § 3553(a).

Respectfully submitted this 24th day of August, 2016,

RICHARD S. HARTUNIAN
United States Attorney


By: /s/ *Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************

UNITED STATES OF AMERICA

v.  Case No.: 5:16-CR-108 (GTS)

JASON KOPP,

Defendant.
*******************************

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016 I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the following:

Randi Juda Bianco, Esq.

/s/

Paula Briggs

**11**