IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Criminal No. 5:16-CR-108 (GTS) |
| ) | |
| **JASON KOPP,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### GOVERNMENT'S MOTION FOR A WAIVER
### OF ATTORNEY-CLIENT PRIVILEGE

The United States, by and through its attorney, the United States Attorney for the Northern District of New York, hereby files the instant motion for an order for waiver of the attorney-client privilege, and to allow production of documents and an affidavit from defendant's former trial counsel, Randi J. Bianco, Esq., responsive to allegations raised in the defendant's motion regarding attorney Bianco's representation of him in this matter.

### FACTUAL HISTORY

On March 7, 2019, defendant, *pro se*, filed a motion pursuant to 28 U.S.C. Section 2255, in which he claims that he received ineffective assistance of counsel, alleging, among other things, that attorney Bianco was ineffective in not filing pre-trial motions, and in failing to advise him of the potential sentencing ramifications of his plea, alleging that she instead communicated to him that he would receive a sentence of fifteen years in prison.

After reviewing petitioner's motion and the relevant documents in the case, the Government believes it necessary to obtain information from attorney Bianco directly responsive to the defendant's allegations, and to secure an affidavit from her in that regard. Ms. Bianco has indicated that she has information responsive to the allegations, but in light of an advisory opinion

issued by the American Bar Association ("ABA") is hesitant to share that information without an Order of the Court permitting her to respond.[1]

## ARGUMENT

It is necessary for the Government to consult with counsel about the claims that defendant has raised in his motion, and to obtain information from her, including relevant documentation and an affidavit, in order to properly respond to defendant's Section 2255 motion. If, after reviewing the submissions of the parties, the Court schedules an evidentiary hearing in this matter the Government is also seeking permission to have counsel testify at such hearing.

It is well settled that a defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. *See*, e.g., *Eldridge v. United States*, 618 A.2d 690, 692 n. 3 (D.C. 1992) (finding no error in trial court's decision to permit trial counsel to testify at a post-sentencing hearing, on the grounds that, "[b]ecause part of appellant's argument at the [post-sentencing] hearing was based on defense counsel's alleged ineffectiveness, we agree with the trial court that appellant implicitly waived his attorney-client privilege", citing *Doughty v. United States*, 574 A.2d 1342, 1343 (D.C. 1990)); *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-

---

[1] On July 14, 2010, the ABA's Standing Committee On Ethics and Professional Responsibility, entitled "Formal Opinion 10-456, Disclosure Of Information To Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim" ("Opinion 10-456") issued an opinion that discusses whether defense counsel may cooperate with the government in defending against an ineffective assistance of counsel claim being asserted by the attorney's former client. This opinion suggests that defense counsel usually may not disclose the former client's confidential information voluntarily to the government and that the disclosure usually is only permissible if the court orders the disclosure or the former client expressly consents to each disclosure. While the government may not agree with these suggestions, and the opinion may not be binding on this Court, the requested court order appears necessary to address counsel's concerns.

client relationship waives the privilege."); *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (finding that the plaintiff waived the attorney-client privilege in his legal malpractice case against his former lawyer because the information the defendant attorney sought in discovery was necessary to resolve the precise issue the plaintiff interjected into the case); *United States v. Wiggins*, 184 F. Supp 673, 677-678 (D.D.C 1960) (finding that where a client assails his attorney's conduct of his case, the privilege as to confidential communications is waived); *see also Bittaker v. Woodford*, 331 F.3d 715, 716-717 (9th Cir.) (where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer), cert. denied, 540 U.S. 1013 (2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."), *cert. denied*, 535 U.S. 926 (2002); *Bloomer v. United States*, 162 F.3d 187, 194 (2nd Cir. 1998) (where there is a claim of ineffective assistance of counsel, the allegedly ineffective attorney should be afforded an opportunity to be heard and present evidence in the form of live testimony, affidavits, or briefs); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (finding that when the client calls into public question the competence of his attorney, the attorney-client privilege is waived), *cert. denied*, 419 U.S. 1125 (1975); *Laughner v. United States*, 373 F.2d 326, 327 & n. 1 (5th Cir. 1967) (client waives attorney-client privilege by attacking the attorney's performance of his duties); *Overbaugh v. United States*, 483 F.Supp.2d 223, 225 (N.D.N.Y. 2007) ("When a habeas petitioner asserts that his trial counsel was ineffective and bases that assertion on claims involving privileged communications, the [attorney-client] privilege is waived regarding those conversations.").

Although some cases note that waiver is appropriate because it would be unconscionable to preclude an attorney from defending himself against allegations of ineffectiveness, *see Tasby v. United States*, *supra*, 504 F.2d at 336; *United States v. Wiggins*, *supra*, 184 F. Supp. at 677-678, others make clear that waiver occurs whenever the client has put privileged matters at issue and not just in those cases where counsel seeks to defend himself against such allegations. *See*, e.g., *Doughty v. United States*, *supra*, 574 A.2d at 1343 (privilege waived even though defendant did not allege counsel's ineffectiveness); *Byers v. Burleson*, *supra*, 100 F.R.D. at 440 (privilege waived because information was necessary to resolve issue plaintiff raised); *Laughner v. United States*, *supra*, 373 F.2d at 327 (defendant cannot preclude government's inquiry into one area of evidence likely to contradict his claims in support of motion for new trial).

In filing his motion to vacate his sentence based on claims of ineffective assistance of counsel, the defendant has put his attorney's representation, including her advice and counsel, directly in issue. The defendant has, therefore, waived the attorney-client privilege with respect to Ms. Bianco's representation, and the Government accordingly requests a ruling from this Court that the defendant has waived that privilege.[2]

---

[2] Although the ABA, through the issuance of Opinion 10-456, seeks to preserve the interests of the attorney-client privilege in cases involving claims of ineffective assistance of counsel, this opinion is not binding on this Court and it does not override the prevailing case law in this and other jurisdictions regarding the impact of these claims on the waiver of the attorney-client privilege. *See NAACP v. State of Florida Department of Corrections*, 122 F.Supp.2d 1335, 1339 n.3 (M.D. Fla. 2000) (although the trial court found the advisory opinions of the Florida State Bar's Ethics Committee to be instructive, they were not binding precedent), citing, *In Re Disciplinary Proceedings Regarding Doe*, 876 F.Supp. 265, 269 (M.D. Fla. 1993) (though a Court is mindful that an advisory opinion issued by the Florida State Bar's Committee of Professional Ethics may apply to a party in case, the Court must retain the right to interpret and apply the rules as required in federal court) *see also Freelance Entertainment, L.L.C. v. Sanders*, 280 F.Supp.2d 533, 546 (N.D. Miss. 2003) (Attorney General Opinions are advisory only and are not binding on the court). Since Petitioner has put her attorney's representation directly in issue, she has waived the attorney-client privilege with respect to counsel's representation regarding those claims.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court issue an Order: 1) finding that the attorney-client privilege has been waived with respect to attorney Bianco's representation of Mr. Kopp; 2) authorizing counsel to discuss with the Government the claims petitioner has raised in his post-conviction motion and to provide an affidavit and any other documentation relating to those claims; and 3) and authorizing counsel to testify at any evidentiary hearing that might be scheduled with respect to this post-conviction motion.

Respectfully submitted,

GRANT C. JAQUITH
United States Attorney

*s/ Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll Number: 510187

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been served on the petitioner, Jason Kopp, and to petitioner's former counsel, Randi Bianco, Esq. by the U.S. District Court's ECF program, and by mail on this 11th day of March, 2019.

*s/Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney