UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**********************************
UNITED STATES OF AMERICA

                               Criminal Action No.
    v.                       5:16-CR-108 (GTS)

JASON KOPP,

                 Defendant.
**********************************

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE IN VIOLATION OF THE CONSTITUTIONS, LAWS, AND TREATIES OF THE UNITED STATES PURSUANT TO 28 U.S.C. § 2255

     The United States of America, by its attorney, Grant C. Jaquith, United States Attorney for

the Northern District of New York, Lisa M. Fletcher, of counsel, submits herewith its response to

Jason Kopp's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Dated:   April 29, 2019               RESPECTFULLY SUBMITTED,

                                     GRANT C. JAQUITH
                                     UNITED STATES ATTORNEY

                                     */s/ Lisa M. Fletcher*
                                     LISA M. FLETCHER
                                     Assistant U. S. Attorney
                                     Bar Roll Number: 510187

## GOVERNMENT EXHIBITS

1. Minutes of Change of Plea Hearing held on May 2, 2017 (Ex 1)[1]

2. Minutes of Change of Plea Hearing held on May 20, 2017 (Ex 2)

3. Affidavit of Randi Juda Bianco, Esq. (Ex 3)

4. Transcript of Sentencing held on September 13, 2017 (Ex 4)

5. Docket for United States v. Jason Kopp 5:19-CR-00108-GTS-1 (Ex 5)[2]

6. Email Correspondence regarding Preliminary Hearing (Ex 6)
   (email addresses redacted)

## PROCEDURAL HISTORY[3]

On March 30, 2016, a federal grand jury in the Northern District of New York returned an indictment charging defendant Jason Kopp and co-defendant Emily Oberst with numerous child exploitation offenses.   Kopp was charged with the following: conspiracy to sexually exploit a child for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) & (e) [Count One]; ten counts of sexual exploitation of a child for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) & (e) [Counts Two, Three, and Six through

---

[1] The citations to page numbers associated with the transcripts provided as exhibits to this response reference the page numbering of the original transcripts, not any other identifier appearing on a particular exhibit.

[2] Docket entries and associated documents are referenced herein as "Dkt."

[3] The underlying facts are fully set forth in the defendant's Plea Allocution, Ex 2, pp. 18 – 30, and in the PSR, ¶¶ 7 - 54.   Kopp raised no objection to the facts as set forth in the plea allocution, Ex 2, p. 30; and few objections to the facts set forth in the PSR, all of which were addressed the Addendum thereto. PSR Addendum; Ex 4, p. 3.

1

Thirteen]; nine counts of distribution of child pornography involving prepubescent minors and minors who had not attained the age of 12 years old, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1) [Counts Fourteen though Twenty-Two]; and two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2) and 2256(8)(A) [Counts Twenty-Seven and Twenty-Eight].

On May 2, 2016, Kopp was scheduled to plead guilty, but the plea proceeding was interrupted and then adjourned, when Kopp, through counsel, refused to admit facts set out in an "offer of proof" that the Government filed with the Court.    Ex 1, pp. 31- 39.

On May 19, 2016, the Government filed an amended offer of proof, and, on May 20, 2016, Kopp pled guilty without a plea agreement to all counts in the indictment in which he was charged, and admitted the facts set out in the amended offer of proof. Ex 2, pp. 7- 30.

On September 13, 2016, this Court sentenced Kopp principally to a 360-month term of imprisonment for the conspiracy charged in Count One; a 180-month term of imprisonment for each of the ten sexual exploitation offenses in Counts Two, Three, and Six through Thirteen; a 60-month term of imprisonment for each of the nine distribution of child pornography offenses in Counts Fourteen through Twenty-Two; and a 60-month term of imprisonment for each of the two possession of child pornography offenses in Counts Twenty-Seven and Twenty-Eight.    The court ordered these terms to run consecutively to each other, for a total 2,820-month term of imprisonment, and also imposed a life term of supervised release. Ex 4, p. 17.

Judgment was entered on September 14, 2016.   On September 27, 2016, Kopp filed a timely notice of appeal.    On February 28, 2018, the Court of Appeals affirmed Kopp's conviction. *United States v. Kopp*, 712 Fed. App'x. 117 (2d Cir. 2018), and the Mandate issued on April 18,

2018.   The instant motion (Dkt. 113), dated February 28, 2019, was received by the Clerk of the Court on March 7, 2019, and is timely.[4]

Due to the nature of the defendant's allegations against his assigned counsel, on March 11, 2019 the Government filed a request for an order waiving Kopp's attorney-client privilege as to the issues raised in his § 2255 motion.   Kopp was directed to respond by April 1, 2019.   His response, postmarked April 1, 2019, consented to the waiver.   By Order filed April 4, 2019, this Court granted the Government's request, and issued an order authorizing attorney Randi Juda Bianco to provide an affidavit regarding claims made by Kopp in his motion, to provide the Government with any documentation pertinent to responding to said allegations, and to provide testimony, if necessary, in this matter.   Kopp's response consenting to the waiver of attorney client privilege was received by the Court on April 8, 2019, and a text order supplementing the Court's April 4th order, noting the defendant's consent, was entered on April 11, 2019.

For the reasons set forth below, Kopp's claims against his attorney are without merit, and his motion should be denied.

## ARGUMENT

### I.      KOPP HAS NOT MET HIS BURDEN OF ESTABLISHING THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

Kopp alleges that he received ineffective assistance of counsel, in three ways: first, he maintains that counsel told him that by pleading guilty he would be sentenced to exactly fifteen

---

[4]  The one year statute of limitations for the filing of a § 2255 motion begins to run when the judgment of conviction becomes final.   Where there is a direct appeal, that is one year from the time for filing a certiorari petition expires, which is 60 days following the judgment of the Court of Appeals.   *See Clay v. United States*, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13(1).

years in prison; second, he maintains that counsel did not adequately investigate his case and file pre-trial motions; and third, he maintains that counsel deprived him of constitutional protections by waiving a preliminary hearing without his consent.

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). "Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." *Gibbons v. Savage*, 555 F.3d 112, 122 (2d Cir. 2009) (citing *Strickland*, 466 U.S. at 690-91); *see also Tippins v. Walker*, 77 F.3d 682, 686 (2d Cir. 1996) ("[I]n case after case, we have declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill advised.").

To succeed on his motion, Kopp must demonstrate both "(1) that his attorney's performance fell below an 'objective standard of reasonableness;' *and* (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Arnold*, 126 F.3d 82, 89 (2d Cir. 1997), *quoting Kieser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995), *quoting Strickland v. Washington*, 466 U.S. at 694; *see also United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (referring to this standard as a "heavy burden" to be proved by the defendant). This applies to counseled guilty pleas, where "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Even so, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.*, at 57. As

4

set forth below, Kopp's claims are factually false, and legally without merit.   Accordingly, he fails to meet his burden, and his motion should be denied.

A.     **Kopp's Claim to Have Been Promised a 15 Year Sentence is False**

While Kopp now alleges that he pled guilty only because counsel advised him that by doing so he "would receive a sentence of fifteen years," Dkt. 113, p. 14, his sworn statements before this Court, and the attached sworn affidavit of his attorney, prove otherwise.

At his May 20, 2016 change of plea hearing, this Court advised Kopp that he would be placed under oath, and that it was important he answer all questions truthfully.   Ex 2, p.6. Kopp said he understood, and was then placed under oath.   *Id*., pp. 6 – 7.   During the ensuing colloquy, Kopp told this Court that he committed all of the acts described in the Government's Offer of Proof, understood his sentencing exposure, and confirmed that no promises were made to him in regard to any particular sentence.   Ex 2, pp. 30 – 36.

Moreover, Kopp's sentencing exposure could not have been made any clearer to him. First, the Government put on the record the mandatory minimum and maximum penalties for each of the 28 counts of the indictment, specifying, *three times*, that the statutory penalties were "per count."   *Id*., pp. 30 – 31.   When asked if he understood the potential penalties as recited by the Government, the defendant responded:   "Yes, I do, your Honor."   *Id*. at 33.   Next, the following colloquy occurred:

THE COURT:          And you understand there's mandatory minimums with regard to some of these counts –

THE DEFENDANT:  Yes, I do, your Honor.

THE COURT:          -- as recited? Okay.
Projected sentencing Guideline range.

MS. FLETCHER:    Yes, your Honor.

The defendant is projected to score a level 43, which is life, and, given the statutory maximums involved in the counts of conviction, that would equate to a **Guidelines level of 550 years**.

THE COURT:    Mr. Kopp, has your attorney discussed with you the Sentencing Guidelines and how they apply to your case?

THE DEFENDANT:  Yes, your Honor.

THE COURT:    And you understand that I'm required to consider those Guidelines in determining what your sentence will be?

THE DEFENDANT:  Yes, your Honor.

THE COURT:    We get that, along with a lot of other information submitted by your attorney and submitted by the government and probation's presentence report to determine an appropriate sentence; you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:    Okay. We won't be able to determine exactly what the Guidelines are in your case until after probation has completed a presentence report; you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:    An adjudication of guilty may deprive you of certain valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm; do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:    Furthermore, after it's been determined how the Guidelines apply to your case, the Court has to consider other factors under Section 3553(a) Title 18, such as the following:

The nature and circumstances of the offense and your history and characteristics as a defendant; the seriousness of the offense; the need to promote respect for the law and provide just punishment for the offense; the need to afford adequate deterrence of criminal

conduct; the need to protect the public from further crimes; the need to provide you with appropriate education, vocational, medical or other treatment in an effective manner; any pertinent policy issues issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to the victims of the offense.

Mr. Kopp, now that you've been informed of the penalties, to the extent that we know them now, the Sentencing Guidelines and my role under the Guidelines, do you still wish to plead guilty, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT:    And are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT: Yes, your Honor.

***

THE COURT:    And do you realize the potential penalties that can be imposed upon you after pleading guilty?

THE DEFENDANT: Yes, I do, your Honor.

THE COURT:    **Have any promises been made to you as to what the sentence might be?**

THE DEFENDANT: **No, no, your Honor.**

THE COURT:    Thank you.

THE DEFENDANT: You're welcome.

*Id.*, pp. 33 – 36 (emphasis added).

Supplementing this record is an affidavit of attorney Randi Juda Bianco detailing her efforts in representing Kopp.   Ex 3.   The facts attested to in Ms. Bianco's affidavit, corroborated and supplemented by the record, unequivocally refute the defendant's assertions that she promised him a sentence of fifteen years.   In fact, and to the contrary, Ms. Bianco and Federal Public

7

Defender Lisa Peebles, were brutally honest with Kopp, telling him repeatedly that he would likely spend the rest of his life in prison.   Ex 3, ¶¶ 7, 8, 11.   In fact, when asked by this Court whether Ms. Bianco, or anyone else, had made any promise of leniency, or any other promise to induce his guilty plea, Kopp, under oath, answered "No, your Honor," twice – once during the earlier aborted plea, and again when he later pled guilty.   Ex 1, p. 18; Ex 2, pp. 16 – 17.

The facts set forth in Ms. Bianco's affidavit also contradict Kopp's assertions that he repeatedly told her that he wanted to go to trial.   *See* Dkt. 113, pp 6 – 7.   Instead, Ms. Bianco relates that while she counseled Kopp to take his case to trial because he was facing a life sentence even on a plea, Kopp was so embarrassed about the nature of the charges against him that he adamantly refused that advice.   Ex 3, ¶¶ 7, 10.   In fact, Kopp did not even want to appear at his plea hearing, and asked if Ms. Bianco would take the plea on his behalf.   *Id*., ¶ 7.

Kopp's current allegation that his guilty plea was entered only because counsel promised that he would receive a specific sentence of fifteen years is unsupported by the record.   It is also specifically contradicted both by his own sworn statements to this Court, and by the sworn affidavit of counsel.   Kopp has not produced any reliable fact to substantiate his claim that Ms. Bianco made affirmative misrepresentations to him about the sentence he would receive, and the record makes clear that there could not even have been an innocent misunderstanding of his sentencing exposure.   Accordingly, Kopp's motion to vacate and set aside his conviction and sentence on this ground should be denied.

### B.        Counsel Was Not Ineffective for Failing to File Pre-Trial Motions

Kopp next argues that he received ineffective assistance of counsel because Ms. Bianco did not file pre-trial motions, including "but not limited to a motion to suppress, a motion for a

speedy trial, [and] …a motion for a mental health evaluation."   Dkt. 113, p. 8.   Kopp incorrectly, and without further analysis, maintains that the "probability of success" on these motions was "paltable (sic), and therefore the alleged evidence would have been suppressed."   Kopp further argues that had Ms. Bianco "made him aware of the tangibility of the pre-trial motions" he would have not pled guilty.   *Id*. at 8 – 9.

In response, Ms. Bianco's affidavit specifies that she investigated the case against Mr. Kopp, including whether there were any viable pre-trial motions, and advised him that "there were no viable suppression issues, specifically relating to the statement he gave to the police, and the search warrant that was executed in the case."   Ex 3, ¶ 7.

Kopp's statement to the police was recorded, and turned over to counsel in discovery. Therefore, counsel's determination that there was no viable suppression issue in regard to the statement was fully informed by that recording.   *See* Ex 3, ¶ 6.   In any event, even if Kopp's statement had been suppressed, the case against Kopp was overwhelming without it.   *See* PSR ¶¶ 7 – 26, 28 – 29, 35 – 54 (setting forth the overwhelming facts and evidence that do not include, and were not derived from, Kopp's statement).   Similarly, items of physical evidence containing image and video evidence were seized pursuant to a federal search warrant authorized by United States Magistrate Judge, Hon. Andrew T. Baxter.   That warrant was also provided in discovery, and counsel's determination that there was no viable suppression motion in regard to the seizure of physical evidence was fully informed by a review of that document.   Ex. 3, ¶ 6.   Accordingly, counsel was not ineffective in providing advice that there were no viable suppression issues to explore.

Kopp also claims that that Ms. Bianco was ineffective for failing to make a speedy trial motion, but does not specify what particular motion Ms. Bianco should have raised but did not. Regardless, there were no viable speedy trial issues to raise.   First, there was no pre-indictment delay.   Kopp made his initial appearance on a criminal complaint on March 19, 2016, and an indictment was returned against him on March 30, 2016, well within the 30 days required by 18 U.S.C. § 3161(b).   Dkts. 1, 10.    A plea of not guilty to the indictment was entered on April 11, 2016, starting the seventy-day speedy trial clock.   Dkt. 17; 18 U.S.C. § 3161(c)(1).   Fifteen days later, on April 26, 2016, an Order to Continue as to Kopp and co-defendant Emily Oberst was filed, upon stipulation of all parties, excluding time under the speedy trial clock until June 24, 2016.   Dkt. 22.   Kopp's guilty plea took place on May 20, 2016.   Ex. 2.   Accordingly, at the time of his plea, at best only 15 days of speedy trial time had elapsed.   Even if Kopp were challenging the speedy trial stipulation, which he is not, his guilty plea was entered thirty-nine days after the entry of his not guilty plea, well within the seventy-day statutory time limit regardless of the stipulation.   Accordingly, Kopp's argument that he received ineffective assistance of counsel for some alleged failure to raise a speedy trial motion that did not exist is wholly without merit.

Finally, while Kopp complains that Ms. Bianco did not file a motion for a mental health evaluation, he does not explain why one was necessary.   More importantly, however, this allegation against Ms. Bianco's representation is simply false.   Kopp fails to mention that Ms. Bianco engaged a psychologist who examined Kopp and wrote a report that Ms. Bianco submitted to the Court in support of her argument for the mandatory minimum of 15 years imprisonment.

Dkt. 57 (sealed submission by Dr. Thomas Lazarro); Dkt. 55 (Defendant's Sentencing Memorandum, pp. 2, 4, 12.

### C.     Counsel Was Not Ineffective by Waiving a Preliminary Hearing

Finally, Kopp argues that Ms. Bianco failed to secure his consent to waive a preliminary hearing, and that her representation of him was therefore ineffective by "depriving him of the entire proceeding and eliminating yet another way to attack the legal sufficiency of the charges against [him]."   Dkt. 113, p. 10.   In response, Ms. Bianco affirms that she spoke with Mr. Kopp about the preliminary hearing, and that he requested she negotiate the lifting of a perceived phone restriction in exchange for the waiver.   Once it was determined that there was no phone restriction, Ms. Bianco waived the preliminary hearing, as instructed by the defendant.   Ex 3, ¶ 4. There was nothing ineffective about Ms. Bianco's representation in this regard.   In fact, the record shows that she was quite aggressively representing him from the start.

It should be noted that the Government did not accede to Mr. Kopp's demands in order to avoid a preliminary hearing.   Instead, as the attached emails confirm, we simply verified that there never were phone restrictions. *See* Ex 6 (series of emails between Ms. Bianco and the Government relating to the preliminary hearing and perceived phone restrictions).   In any event, as the attached emails also make perfectly clear, the Government was prepared to proceed to the grand jury in advance of the preliminary hearing date, and no hearing would have been held even had Mr. Kopp refused to waive.   So, even had Ms. Bianco refused to waive the preliminary hearing, no such hearing would have taken place.

## II.      NO EVIDENTIARY HEARING IS REQUIRED

Although 28 U.S.C. § 2255 does, in most instances, requiring a "hearing," that does not mean that the Court is required to hold "a full-blown testimonial hearing" in every instance. *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).   As the Second Circuit has recognized, to allow Section 2255 petitioners regularly to conduct live hearings would result in "the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing." *Id.*   As a result, district courts may pursue a "middle road" whereby they can consider the parties' submissions on the papers. *Id.*

Submission on the papers is appropriate here.   There are only two individuals whose testimony is relevant, Kopp and Ms. Bianco.   Both individuals have submitted affidavits in connection with Kopp's petition, and both have appeared before this Court on numerous occasions, during which times this Court was ideally positioned to gauge their demeanor and credibility. This Court, therefore, has more than sufficient evidence to resolve any factual issues, and there is no need to incur the cost or inconvenience of a live hearing.   *See, e.g.*, *Padin v. United States*, 521 F. App'x 36, 38 (2d Cir. 2013) (affirming district court's refusal to conduct "full blow hearing" where   district court based its analysis off of the "detailed affidavit of defense counsel, the transcripts of the proceedings, the district court's observations of [the petitioner] and his interactions with counsel").

## III.      CONCLUSION

Simply put, Ms. Bianco ably and aggressively represented Jason Kopp.   His allegation that he entered a guilty plea only because Ms. Bianco promised a fifteen year sentence is wholly

12

incredible, and belied by the record.   Moreover, Ms. Bianco's representation did not fall below any objective standard of reasonableness simply because she did not file non-dispositive or irrelevant pre-trial motions before Kopp entered his plea, or because she, with his consent, waived a preliminary hearing.   As such, Kopp has failed to demonstrate both Ms. Bianco's performance fell below an objective standard of reasonableness, and any probability that, but for the claimed errors, the result of the proceeding would have been any different.   Accordingly, his motion to vacate, set aside, or correct his conviction and sentence should, in all respects, be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************************

UNITED STATES OF AMERICA,

           V.                                                    5:16-CR-108 (GTS)

JASON KOPP

                  Defendant.

*********************************************

I hereby certify that on April 29, 2019, I electronically filed the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE SET ASIDE OR CORRECT A SENTENCE IN VIOLATION OF THE CONSITUTIONS, LAWS, AND TREATIES OF THE UNITED STATEES PURSUANT TO 28 U.S.C. § 2255 with the Clerk of the District Court using the CM/ECF system and mailed a copy to the defendant at the address listed below:

      Jason Kopp, *pro se*
      24099-052
      USP Tucson
      PO Box 24550
      Tucson, AZ 85734

                            _____/s/_____
                            Paula Briggs